Nicholson, C. J.,
delivered the opinion of the Court.
In 1867, Andrew Anderson made his will in which he provided, that his wife Mary A. should use and occupy his homestead, in Nashville, during her life or widowhood, and after her death or marriage, the property should, be sold and divided among his three children. She has used and occupied the premises ever since the death of her husband in 1867.
The question presented by the agreed case is, whether the taxes on this house — State, county and municipal, should be assessed to and paid by the widow, or the devisees? It is provided by the Code, sec. 561, that *836 “the person who is owner of real' estate on the 10th of January in any year, shall be bound to pay the taxes assessed thereon for that year.” Whether the widow or the devisees are bound to pay the taxes on the property in question, depends upon the question of ownership, and is conceded in the agreement, that if the widow has a freehold in the house, then she is so far the owner, that she is bound to keep down the incumbrances arising from taxation, but if she has not a freehold interest, the devisees are the owners and bound for the taxes. The question, therefore, is to be settled by determining whether, by the language of the will, the widow has a freehold interest in the house. The second clause of the will is as follows: “There being a marriage contract between my beloved wife Mary Ann and myself, which prevents her from owning any portion of my estate after my death, and being desirous, however, that some provision should be made for her, and also for my wayward son Andrew O. Anderson, I hereby give and bequeath to my wife the use and occupation of the dwelling house in which I now reside, etc., for and during her natural life or widowhood, and also all the furniture in said house except the furniture in room formerly occupied by my daughter Prances E. Anderson, which is > to be given to her whenever she may claim it; and it is my desire, in case it be agreeable to the said Prances E. and my wife, that the said Frances E. should occupy said room, and it is further my will and desire that my son Andrew O. Anderson should have a room in said house, and I earnestly request that my beloved wife *837 Mary Ann should have a care over him until he is reformed in habit, or changes his course of life.” By the third clause, testator gives all the residue of his estate (except that already disposed of,) to his three children. By the fourth clause testator provides that after the death of his widow, the house shall be sold, and the proceeds divided among his three children. The case upon the agreed facts was heard by Hon. E. H. Ewing, Special Chancellor, who was of opinion that the widow took a freehold estate in the house, and that consequently she was bound to keep down the taxes. It is conceded in the argument for the widow, that if she took a freehold estate, under the will, as tenant for life, she would be bound to keep down the taxes: Whyte v. Mayor & Ald., 2 Swan, 364. Nor is it denied, that a devise of the “use and occupation” of property for life may, under some circumstances, carry a freehold, or make the devisor “ owner ” of a freehold estate. It would be more correct to state, that as a general rule the devise of “ the use and occupation of property for life,” constitutes a freehold, and makes the devisee “owner” of a freehold estate. Mr. Burrill defines the word “use” to be, “the profit or benefit of lands or tenements ”: 2 Burrill's L. Dict., 564.
Mr. Washburn at page 662 of his work on Eeal Estate, . says: “ a grant of the rents, issues and profits of a tract of land, is the grant of the land itself. If the grant be of the uses of, and dominion over land, it carries the land itself:” Co. Lit., 4, b, 31 Penn., 484 ; 40 Penn., 344. Of *838 course, therefore, the devise of the rents and profits or of the use and occupation of land for. life, constitutes a freehold estate in the land. It follows, that in the present case, the devise of the use and occupation of the dwelling house, to testator’s widow during her life or widowhood, vests in her a freehold estate, unless the ordinary and legal meaning of the words “use and occupation,” is controlled by a contrary intention, apparent on the face of the will. It is insisted for complainant, that such contrary intention does appear, by reference to the several provisions of the will. After a careful examination of the several provisions of the ’will, we find nothing which appears to us to indicate that it was not the intention of the testator to give to his widow the enjoyment and control of the use and occupation, that is, the rents and profits of the dwelling house, during her life. But as this question is fully discussed in the opinion of the Special Chancellor, which is appended to this opinion, we deem it unnecessary to do more, than to state, that we concur in his conclusions, and affirm his decree with costs.
The opinion of E. H. Ewing, Special Chancellor, referred to above, is as' follows:
There seems to be no dispute between the counsel in this case, that if Mrs. Anderson took a freehold in the' dwelling house and lot, she is bound to keep down the taxes upon the property during the continuance of her estate. This question was settled by the case of Whyte v. Mayor and Aldermen, 2 Swan, 364, *839 ■which, though a ease of dower, applies in principle to every case of a freehold estate. A gift' or devise of land for life or during widowhood, creates a freehold as effectually as a gift or devise in fee. For this I would cite authority, but understand the position not to be disputed. The question really in dispute is, whether Mrs. Anderson took a freehold under heir husband’s will? On the one side it is said she did, on the other that she took a mere usufruct, and that she took this in conjunction with others, viz.: Frances E. and Andrew O. Anderson. The will states that by a marriage contract between testator and his now widow, Mrs. Anderson, she was prevented from owning any of his estate, but that being desirous of making some provision for her, and also for his wayward son Andrew O. Anderson, - he gives and bequeaths to her the use and occupation of his dwelling house in which he then resided, being No. 43 South Cherry Street, during her life or widowhood; also, the furniture in a certain room, etc. Nothing is said in the argument of counsel about the effect of giving the dwelling house, (suppose it to be given away) whether that would carry the land upon which it is situate, and I suppose nothing need have been said upon this subject. The gift of the land would certainly carry the dwelling house by well established rules, and the gift of the dwelling house, qua dwelling house, would carry the land, upon the principle that the two are inseperable, and though the dwelling house mighty be burned down, and the land thus become separated from it; a question would then arise, whether the interest remained *840 in the land, yet as such an event was uncertain, like that of the termination of the widowhood, the estate given would be one of freehold. The No. 43, however, does not help this view, as that is not so much the number of a lot as of a house, and has no bounds. Taking it then. that a gift or devise of the dwelling house ^would be a devise of the lot upon which it was situate, was there a devise such as to make Mrs. Anderson a freehold owner of the property. A devise to A for his own use makes him absolute owner of the property. A devise to A for the use of B makes B the owner of the property. A devise to A for the sole and separate use of C, (a married woman) makes her the owner of the property, and the property though listed for taxes in the name of the trustee, would have its taxes paid out of the accruing rents. But the devise here was not to Mrs. Anderson of the property in form, nor is there a formal devise of the property to' any one else. Is there a devise of the use of the property, a devise of the property so as to make the devisee the owner under the tax law and otherwise? Is a devise of the use of land to A and his heirs not such a devise as makes A the owner of the land, there being nothing to qualify the devise? Whether such a devise would carry the naked legal title or not, is not the question. Is there any distinction between the devise of a use to A for life, and a devise of a use to A and his heirs, so far as the question of freehold and ownership are concerned? Upon these questions, if they be debatable, I have been furnished with no author *841 ity. The line of distinction between a use and a usufruct is not very clear and has not been shown me by the argument. The will gives Mrs. Anderson the use of the dwelling house for life or widowhood, the words “and occupation” superadded, do not, I think, detract from the force of the word use.
Looking at the matter so far, then the will would in my opinion, give Mrs. Anderson a freehold estate in the dwelling house and the land upon which it is situate. But it is said other parts of the will show that such was not the intention of the testator. Alluding to the marriage contract he says it prevented her from “owning any portion of his estate,” this I regard as meaning nothing more than that she was debarred from claiming any part of his estate as matter of right. Again, Frances E. it is said, is given the right to occupy a certian room. This wholly at the discretion of Mrs. Anderson, it only in case it be agreeable to both, and is merely the expression of a desire. So it is with the occupation of a room by Andrew O. it is merely the expression of a desire, though in his, case, the qualification of its being agreeable to Mrs. A., is not added. Nothing is given or intended to be' in these respects either to Frances E. or Andrew O.
If however, the desires thus expressed were obligatory on Mrs. Anderson, they would be mere burdens and clogs upon her estate, and would not effect its nature as a freehold. There are some things in the third and fourth clauses of the will that seem to me *842 to fortify the view ' that I have taken of the nature of Mrs. Anderson’s estate under the second clause. The third clause gives the residue of his estate (not previously disposed of,) to his three children; the fourth clause then makes a disposition of the dwelling house property after Mrs. Anderson’s death. The third clause regards the dwelling house as disposed of for life, and the fourth clause comes' in to make a disposition of the undisposed of remainder in that property. If the third clause has any effect at all upon the second clause, it is merely to make all his children the holders of the naked legal title of the-dwelling house during Mrs. A’s. life, of which, however, she was to be cestui que use, and not merely usufructuary. In my opinion, the words used in this will are strong enough to create a freehold estate in Mrs. Anderson, and too strong to be modified or emasculated by any supposed intention of the testator. It may well be said that the testator when making his will, had in his mind the single idea that his wife would only use the property in the way of living in it. It may be too, that at first blush if asked should she rent it or sell it, or subject it to her debts, his answer would have been in the negative, but if the inquisition should have been pushed further, and he been asked, is she not to be allowed to rent it or part of it,, if she should become neeessitious, or even to sell her interest if hard driven by want, the answer would' have probably been very different. The right to use and occupy in person might under some circumstances have been almost valueless. It is idle, *843 however, to speculate upon any supposed intention, where the words have an established legal signification. I give and bequeath the use, is very different from giving a mere privilege of using. Mrs. Anderson was then, in my opinion, an owner within the meaning of the tax laws, and so bound for the taxes of the property. Upon the theory of the counsel for Mrs. Anderson, that she has no freehold, that neither she nor any trustee of hers is bound to list the property, that the tax is a debt not chargeable to her, she might still lose her interest, whatever that might be, by the failure of others to do their duty, and this, owing to the peculiar nature of the debt which sticks to the property and disregards rights less than those of ownership. True, this would apply to a leasehold, and. that where no rent or a nominal rent was reserved. The bequest of such an estate or interest in or out of property, or the granting of .such a lease without making provision for taxes would (suppose the lease or interest to last for forty years with taxes as in Nashville, at 3 per cent, per annum,) leave the reversioner or remainder man in a situation where it would be his interest to abandon the property and let it be sold for the first tax that was imposed upon it. It is scarcely to be supposed that the testator intended to risk such consequences to those who were the principal objects of his bounty. The verbal testimony alluded to in the agreed case of an intention expressed verbally by the testator, that the taxes should be paid out of his estate or by his residuary legatees and devisees, is incompetent, and can not be looked to. Nor *844 can the willingness ■ expressed by a portion of these, that the taxes might be paid out of the estate. Such an expression rests upon no consideration and is not binding. Those of the devisees who are willing to . pay, and who are sui jwris, can furnish their share of the means if they desire it* It does not appear that this property was needed for the payment of debts, or that it was taken possession of by the executor, or listed by him for taxes, or that he has interfered or was entitled to interfere in any way in regard to it, and (other questions aside,) it would seem that these taxes can not be charged to the executor.
The cases referred to by Mrs. Anderson’s counsel upon the subject of her interest in the property, do not seem to me to sustain the position assumed for her. They are two, viz.; the case of Benton v. Pope, 5 Hum., 392, and Bearden v. Taylor, 2 Col., 137. In neither of these cases is any estate given to the party against whom the claim was made, not even so far as I can see, a. usufruct.